IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSEPH C ROBERTS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | CIVIL ACTION NO. |
| : | 1:15-CV-0958-LMM |
| : | |
| BOARD OF REGENTS OF THE : | |
| UNIVERSTIY SYSTEM OF : | |
| GEORGIA, SAVANNAH STATE : | |
| UNIVERSTIY, CHERYL : | |
| DAVENPORT DOZIER, in her official : | |
| capacity as President of Savannah : | |
| State University; DAVID SMITH, : | |
| individually and in his official : | |
| capacity as Interim Vice President of : | |
| Student Affairs; BONITA BRADLEY, : | |
| individually and in her official : | |
| capacity as Assistant to the Vice : | |
| President of Student Affairs & Deputy : | |
| Title IX coordinator; and, TOYA : | |
| CAMACHO, individually and her : | |
| official capacity as Title IX : | |
| coordinator. : | |
| : | |
| Defendants. : | |

## **ORDER**

This case comes before the Court on Defendants Board of Regents of the University System of Georgia, Savannah State University, Cheryl Davenport Dozier, David Smith, Bonita Bradley, and Toya Camacho's Motion to Dismiss

[20]. For the reasons explained in this Order, Defendants' Motion to Dismiss [20] is **GRANTED**.

I. **FACTUAL BACKGROUND**

Between 2009 and 2013, Plaintiff, Joseph C. Roberts, was a student at Savannah State University, an institution operated by the Board of Regents of the University System of Georgia. Compl., Dkt. No. [8] at 4. Without detailing the accusation, Plaintiff alleges that he was falsely accused of harassing other female students shortly before his scheduled graduation. Id. at 10-12. Plaintiff contends that he was improperly suspended without any notice of the charges against him or a hearing. Id. at 14.

Plaintiff alleges that he was only notified of his suspension through a campus-wide alert that included his picture. Id. at 12. He contends that he made multiple attempts to contact various staff members working for SSU, including Bonita Bradley, the Assistant to the Vice President of Student Affairs & Deputy Title IX Coordinator, to receive documentation regarding the allegations made against him so that he could appeal his sentence. Id. at 12-15. However, these requests were mostly ignored until June 10, 2013, when Roberts finally received his student file notifying him of the charges against him. Id. at 15. In addition, Plaintiff contends that he appealed his suspension to SSU President, Cheryl Dozier, who decided to uphold Plaintiff's suspension. Id. Plaintiff again appealed his suspension to the Board of Regents, who also denied his application for review. Id at 16.

Plaintiff contends that the allegations made against him were false accusations based on unsubstantiated social-media posts and text messages. Id. at 15. He alleges that he was never contacted by any staff at SSU pertaining to an investigation and that the failure to notify Plaintiff was the result of a gender discriminatory policy implemented by SSU. Id. at 19-20. Due to the discriminatory policy, he claims that SSU failed to conduct an impartial and unbiased investigation. Id. Plaintiff contends that under SSU policy any "male student . . . accused of harassment . . . will be invariably found responsible." Id. at 20. He claims he was not afforded a proper hearing or burden of proof to challenge his suspension. Id. at 21-22. Plaintiff alleges that David Smith, as the Interim Vice president, and Toya Camacho, as the Title IX Coordinator at SSU, are both responsible for the administration of SSU's discriminatory policy. Id. at 4-5.

Plaintiff claims that as a result of SSU staff failures and their handling of the harassment allegations he has suffered emotional damage resulting in an attempted suicide. Id. at 24. In addition, Plaintiff claims that the actions taken by the Defendants severely depleted his financial resources and negatively impacted his future career prospects as he was denied financial aid, not able to receive his diploma on graduation day, and now has a tarnished reputation. Id. at 24-25.

Plaintiff alleges seven causes of action based on the foregoing allegations. First, Plaintiff alleges several counts against Savannah State University ("SSU"), which cannot be sued. See infra. Interpreting the Complaint liberally, these

causes of actions also appear to be against the Board of Regents of the University System of Georgia ("Board"), the legal entity capable of being sued. Therefore, the Court construes Plaintiff's Complaint in the following manner: Plaintiff contends that the Board and SSU violated (1) Title IX of the Education Amendments of 1972, 20 U.S.C.A. § 1681(a); and, (2) various state laws, including breach of contract, breach of the covenant of good faith and fair dealing, violation of the Uniform Deceptive Trade Practice Act, O.C.G.A. § 10-1-372, negligence, and estoppel. In addition, Plaintiff claims all Defendants violated "Title VI" and "State of Georgia and Federal Civil Rights Law." Defendants David Smith, Bonita Bradley, and Toya Camacho are sued both in their individual and official capacities; Cheryl Davenport Dozier is sued solely in her official capacity.

## II.     LEGAL STANDARD – MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

To withstand a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. A complaint is plausible on its face when the plaintiff

pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

At the motion to dismiss stage, "all-well pleaded facts are accepted as true, and the reasonable inference therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, the same does not apply to legal conclusion set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3D 1252, 1260 (11th Cir. 2009) (citing Iqbal, 556 U.S. at 678.). The Court does not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

### III.   ANALYSIS

#### a.  Claims against the Board and SSU

Plaintiff specifically denotes that all causes of actions listed in the Complaint are brought against SSU. However, SSU cannot be sued under Georgia law. McCafferty v. Med. Coll. of Ga., 287 S.E.2d 171, 173 (Ga. 1982). Rather, the Board with vested control over the various institutions in the University System of Georgia is the legal entity with the capacity to be sued. Id. Although the Complaint does not list the Board in every count as a defendant, the Court construes the Board as the proper defendant in place of SSU. Due to Plaintiff's *pro se* status, the Court will address each claim against the Board in turn.

##### i.   Title IX  (Count I)

Plaintiff first alleges a disparate impact claim under Title IX of the Education Amendments of 1972, contending that SSU's "guidelines and

regulations are set up to disproportionately affect the male student population." Compl., Dkt. No. [8] at 26. Even if the Court were to accept Plaintiff's allegations as true, he could still not prevail on this claim.

In order to prove a disparate impact theory of liability, "proof of intentional discrimination is a prerequisite for money damages under Title IX when a facially neutral policy is challenged under a disparate impact theory." Horner v. Ky. High Sch. Athletic, 206 F.3d 685, 692 (6th Cir. 2000); see also Ross v. Corp. of Mercer Univ., 506 F. Supp. 2d 1325, 1362 (M.D. Ga. 2007) (concluding that the Supreme Court, in defining the nature of a claim under Title IX, has required intentional discrimination). Taking Plaintiff's allegations as true, Plaintiff has not alleged SSU's policy was intentionally discriminatory. SSU's suspension policy and procedures are facially neutral and apply equally to every student, and Plaintiff has not pled any facts to suggest that the SSU's policies and procedures were enacted to intentionally discriminate against males. Therefore, Plaintiff cannot prevail on his Title IX claim.

    ii.   Title VI and  "Georgia and Federal Civil Rights Law" (Count VII)

Plaintiff next claims that the Board violated "Title VI of the Civil Rights Act of 1964- Violation of State of Georgia and Federal Civil Rights Law." Initially, Plaintiff purports in Count VII's heading to bring a claim under Title VI. However, Plaintiff instead cites language from Title VII of the Civil Rights Act of 1964 in the text of this count. Whether mounting a claim under Title VI or VII, though, Plaintiff's claims must fail.

First, Title VI states that "no person in the United States shall, on the grounds of race, color or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C.A. § 2000d. Plaintiff fails to state any factual allegations that would detail any racial discrimination by the Board; all of his allegations go to gender discrimination.

Second, to the extent the Plaintiff intended to raise a claim under Title VII, 42 U.S.C.A. § 2000e-17, as indicated by his quoted language in the Complaint, this claim also fails as Title VII relates to employment discrimination. Plaintiff has alleged no facts that would indicate he was an employee of any of Defendants.

Finally, the Court is unable to surmise what Plaintiff meant by "Georgia and Federal Civil Rights" violations, outside of the ones discussed above. Therefore, Defendants' Motion to Dismiss is granted as to this claim.

  iii. <u>State Law Claims</u> (Counts II- VI)

Plaintiff also alleges several state law causes of actions, including breach of contract, breach of the covenant of good faith and fair dealing, estoppel and reliance, unfair and deceptive trade practices, and negligence. Defendants correctly argue that the Court lacks jurisdiction over these claims.

Under the Eleventh Amendment, the state and the resulting "arms of the state" are immune from suit unless immunity is expressly waived. <u>Fouche v. Jekyll Island State Park Auth.</u>, 713 F.2d 1518, 1520 (11th Cir. 1983). The Eleventh Amendment has been interpreted as a jurisdictional bar, ensuring that a State

"cannot be hauled into federal court without its consent." <u>Seminole Tribe of Fla. v. State of Fla. Dep't of Revenue,</u> 750 F.3d 1238, 1242 (11th Cir. 2014).

The Georgia General Assembly has preserved the Board's right to immunity in federal court for the relevant state-law claims. O.C.G.A. § 50-21-32(b). Section 50-21-32(b) provides that "the State does not waive any immunity with respect to actions brought in the courts of the United States." <u>Id</u>. In turn, in order to bring a state law claim against the State of Georgia or the Board, there must be an express waiver. See <u>Ivey v. DeKalb Cty</u>, No. 13-CV-341, 2013 WL 5285506, at *2 (N.D. Ga. Sept. 17, 2013) (holding that if the plaintiff fails to meet its burden of showing State waiver of sovereign immunity for state law claims, then these claims are barred in federal court). For each of the claims provided, there are no indications of State waiver to allow for the Court to have jurisdiction over the matter. See <u>Barnes v. Zaccari</u>, 669 F.3d 1295, 1308 (11th Cir. 2012) (holding that under O.C.G.A. § 50-21-1(a), Georgia has not waived its immunity under the Eleventh Amendment regarding breach of contract claims in federal court); O.C.G.A § 50-21-23 (expressly detailing that Georgia does not waive any immunity regarding tort suits in federal courts).[1] Without express state waiver, these claims must be dismissed.

---

[1] Because the Court finds persuasive that the Board cannot be sued under sovereign immunity principles, the Court declines to consider other substantive arguments presented by Defendants for why these claims may fail, although it appears that these arguments may have merit. Compl., Dkt. No. [8] at 35.

### b. Claims against Individual Defendants

Even construing Plaintiff's Complaint liberally, Plaintiff only brings Count VII against the individual Defendants. However, for reasons already cited previously, a claim under either Title VI of Title VII would fail against each individual Defendant as Plaintiff failed to allege any facts that would suggest racial discrimination or an employment relationship. Defendants' Motion to Dismiss [20] is therefore **GRANTED** against the individual Defendants.

## IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Defendants' Motion to Dismiss [20] as to all claims for failure to state a claim. The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED** this 27th day of January, 2016.

LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE